IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-112-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| FREDERICK DEON MCKOY, | ) | |
| | ) | |
| Defendant. | ) | |

Frederick Deon McKoy seeks a reduction of his sentence of 120 months' imprisonment under 18 U.S.C. § 3582(c)(2) and Amendments 750 and 759 of the Sentencing Guidelines. See [D.E. 30]. The government opposes the request and contends that this court lacks authority to grant the requested relief. See [D.E. 34]. As explained below, the motion is denied.

On December 15, 2008, McKoy pleaded guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 846. See [D.E. 1, 19, 20]. On April 21, 2009, after granting the government's motion under U.S.S.G. § 5K1.1, this court sentenced McKoy to 120 months' imprisonment. See [D.E. 27, 28]. At the time, 120 months' imprisonment was the minimum term of imprisonment required by statute for McKoy's offense of conviction. See 21 U.S.C. § 841(b)(1)(A) (2009).

Under the Sentencing Guidelines, the quantity of drugs involved in an offense generally determines the base offense level. See U.S.S.G. § 2D1.1(c). The drug weight required to incur a given base offense level is different for different drugs. See id. In developing the Guidelines, the Sentencing Commission primarily relies on Congress's judgment, as expressed in 21 U.S.C. § 841(b), as to what quantities of various drugs should be treated as equivalent for sentencing

purposes. See U.S.S.G. § 2D1.1 cmt. n.8(A) ("The Commission has used the sentences provided in, and equivalencies derived from, [21 U.S.C. § 841(b)(1)] as the primary basis for the guideline sentences.").

In 2010, Congress enacted the Fair Sentencing Act, which increased the drug amounts that trigger mandatory minimums for crack-cocaine-trafficking offenses. See Fair Sentencing Act, Pub. L. No. 111-220, § 2(a), 124 Stat. 2372 (2010) ("FSA"). Specifically, the FSA increased the amount of crack cocaine needed to trigger the 5-year mandatory-minimum sentence from 5 to 28 grams, and the amount of crack cocaine needed to trigger the 10-year mandatory-minimum sentence from 50 to 280 grams. See id. Because the FSA left the amount of powder cocaine needed to trigger the same mandatory minimum sentences at 500 grams and 5,000 grams, respectively, the change meant that 1 gram of crack cocaine is now treated as equivalent to 18 grams of powder cocaine, rather than 100 grams of powder cocaine. The FSA became effective on August 3, 2010. See id. In response to the FSA, the Sentencing Commission promulgated Amendment 750, which changed the Sentencing Guidelines to comport with the new 18-to-1 ratio, and Amendment 759, which made that change apply retroactively. See United States Sentencing Commission, Guidelines Manual, App. C, Amends. 750, 759 (Nov. 2011) (effective Nov. 1, 2011).

McKoy's request for relief under section 3582(c)(2) and Amendments 750 and 759 fails because the court did not sentence McKoy to a term of imprisonment based on his advisory guideline range of 135 to 168 months' imprisonment. See Presentence Investigation Report ("PSR") ¶ 46. Rather, the court sentenced McKoy to 120 months' imprisonment, the minimum required by statute at the time he was sentenced. Congress—and not the Sentencing Commission—has since lowered the mandatory minimum that applies to McKoy's offense of conviction. As such, McKoy is not "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, he gets no relief under Amendments 750 and 759. See United States v. Black, 737 F.3d 280, 286–87 (4th Cir. 2013).

Next, McKoy argues that the FSA's more lenient statutory penalties should retroactively apply to him and that, if they do, then his total offense level would drop from 31 to 29. [D.E. 30] 1–2; see PSR ¶ 43; U.S.S.G. § 2D1.1(c)(4). The FSA's more lenient statutory penalties, however, do not apply to McKoy because he was sentenced on April 21, 2009, before the FSA became effective. The FSA "applies retroactively only to 'offenders whose crimes preceded August 3, 2010, but who are sentenced after that date.'" United States v. Mouzone, 687 F.3d 207, 222 (4th Cir. 2012) (quoting Dorsey v. United States, 132 S. Ct. 2321, 2331 (2012)); see also Dorsey, 132 S. Ct. at 2335 (noting that there will be a disparity between defendants sentenced before August 3, 2010 and those sentenced after); Black, 737 F.3d at 287. Accordingly, the argument fails.

Alternatively, the request fails for another reason. In sentencing McKoy, the court departed downward pursuant to U.S.S.G. § 5K1.1. When a sentencing court reduces a defendant's sentence under U.S.S.G. § 5K1.1, it does not apply a guideline sentencing range. See United States v. Hood, 556 F.3d 226, 235 (4th Cir. 2009). McKoy's sentence was not, therefore, "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as section 3582(c) requires. Id. at 235–36. Accordingly, McKoy is not eligible for relief under section 3582(c), and his motion is denied.

Alternatively, even if McKoy were eligible for relief under section 3582(c) and Amendments 750 and 759, the court would decline to exercise its discretion to reduce his sentence. See, e.g., United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United

3

States v. Smalls, 720 F.3d 193, 196–97 (4th Cir. 2013). Having reviewed the entire record, McKoy received the sentence that was sufficient but not greater than necessary under 18 U.S.C. § 3553(a). See Perez, 536 F. App'x at 321.

In sum, McKoy's motion for a sentence reduction under 18 U.S.C. § 3582(c) [D.E. 30] is DENIED. The clerk shall close the case.

SO ORDERED. This 31 day of January 2014.

JAMES C. DEVER III
Chief United States District Judge